IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

                V.              :      CRIM. NO. 05-123-2

EDGARDO COLON

## MEMORANDUM OPINION

RUFE, J.                                                                                             JULY 27, 2006

Defendant Edgardo Colon ("Colon") was sentenced to a term of imprisonment of 216 months followed by five years of supervised release. Colon pled guilty to one count of conspiracy to distribute over one kilogram of heroin in violation of 18 U.S.C. section 846.[1] Colon has filed a counseled appeal in which he claims that he should have received a lesser sentence.

The charges against Colon are based on his involvement in the operation of a large-scale, long-standing heroin distribution ring with its hub of criminal

---

1. The Superseding Indictment was brought against 18 defendants. Sixteen entered guilty pleas, one remains a fugitive, and one is now deceased.

activity in the City of Allentown, Pennsylvania. Specifically, Colon was the co-founding member and co-leader of the criminal enterprise. Colon recruited relatives and others to work for him, procured the drugs, and supervised the daily operation of the organization. During the thirty-two months Colon ran the drug ring, the organization distributed approximately one kilogram of heroin per month in Allentown, which totals approximately 20,000 ten-dollar bags of heroin distributed per month.

As an initial matter, Colon is not permitted to appeal his sentence. As part of his plea agreement, Colon "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution."[2] The only exceptions listed in the plea agreement, other than if the Government filed an appeal as of right, permitted an appeal based on a claim that:

> (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count ...;
> (2) the sentencing judge erroneously departed upward from the Sentencing Guideli
> (3) the sentencing judge, exercising the Court's discretion pursuant to United States v. Booker, 125 S.Ct. 738 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.[3]

---

2.   Guilty Plea Agreement at 5.

3.   Id at 6.

None of the exceptions apply here.  Therefore, it is respectfully submitted that the Court of Appeals lacks jurisdiction to entertain Colon's appeal.[4]

Nevertheless, the Court herein undertakes to set forth the rationale buttressing the discretionary sentence imposed in this case. The Court submits that its sentence, imposed in accordance with the federal sentencing statute, is reasonable.

Under the federal sentencing statute, Colon faced a minimum term of imprisonment of ten years.[5] It is undisputed that Colon's total offense level under the Sentencing Guidelines is thirty-nine and that he has a Category I Criminal History.[6] Based on a total offense level of thirty-nine and a Category I Criminal History, the guideline range for imprisonment on the conspiracy count is 262 to 327 months .[7]

However, United States v. Booker[8]  requires the Court to tailor the sentence in light of other statutory concerns as well, particularly those set forth at 18 U.S.C. section 3553(a).[9] That section provides, in pertinent part:

---

4.   See United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005).

5.   21 U.S.C. §§  846, 841(a)(1) and 841(b)(1)(A).

6.   See U.S. Sentencing Guidelines Manual ch. 5, pt. A

7.   See id.

8.   543 U.S. 220 (2005).

9.   Id. at 264.

> **(a) Factors to be considered in imposing a sentence.**–The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed–
>>
>>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;
>>>
>>> **(B)** to afford adequate deterrence to criminal conduct;
>>>
>>> **(C)** to protect the public from further crimes of the defendant; and
>>>
>>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.....[10]

In sentencing the sixteen defendants in this indictment, the Court went to great lengths to avoid unwarranted sentencing disparities among the defendants[11] and to ensure that each defendant received a sentence that reflects his role in the

---

10.   18 U.S.C. § 3553(a).

11.   See 19 U.S.C. § 3553(a)(6).

conspiracy, his criminal history, his level of cooperation, his acceptance of responsibility, and his prospects for rehabilitation. Of course, the Court was cognizant of the mandatory statutory requirements and the advisory Sentencing Guidelines.

Colon received one of the longest sentences of any of the sixteen defendants because he was the co-founder and the co-leader of a large heroin ring that poisoned the residential streets of Allentown for over three years with approximately one kilogram of heroin per month. As the co-founder of the drug ring, Colon helped create the business plan used by the organization to distribute heroin and provided overall direction to the organizational managers that handled the daily narcotics activity of the lower-level workers. Colon was involved in the conspiracy for a period of approximately 32 months and was involved in the distribution of approximately 29 kilograms of heroin.

Additionally, Colon and co-defendant Isaisa Sanchez ("Sanchez") hand-picked managers to oversee the runners who provided heroin and cellular telephones to make contact with heroin customers. The runners collected the drug proceeds and provided them to the managers who, in turn, forwarded the money to Colon and Sanchez. In addition, Colon was in possession of a firearm at the time of his arrest, which he used to protect the substantial profits he amassed from the heroin

distribution conspiracy. In fact, a total of fourteen firearms were recovered which the members of the ring used to protect their interests throughout the conspiracy.

On the other hand, Colon's actions did not warrant as long a sentence as Sanchez.[12] Colon voluntarily withdrew from the conspiracy at the time of his arrest in June 2004. He had no prior criminal record. He was extremely remorseful at the time of sentencing. The 216 month sentence provides Colon the opportunity to access needed treatment and to acquire the educational and/or vocational training - needed to achieve his rehabilitation and return to the community as a productive, law-abiding citizen.

Further, Colon's statutory mandatory minimum sentence was ten years, far less than the statutory mandatory minimum sentence of several of the organization's low-level street dealers. The advisory sentencing guidelines range was 262 to 327 months. The sentence of 216 months strikes a balance between the range of the sentences given the other participants in the drug ring and the goals of section 3553(a) of protecting the public, promoting respect for the law, deterring others who

---

12. Sanchez, unlike Colon, was the leader of the conspiracy for the duration of its operation, became a fugitive for five months upon learning of his indictment, was less than forthcoming with the Court at the time of sentencing, and demonstrated a lack of remorse.

may be considering entering the lucrative business of drug dealing, recognizing the seriousness of the offense and imposing just punishment.[13]

---

13. Specifically, the Court stated:
> ...So we look at the seriousness of the offense. We look at everything about you, and then we try to create a sentence which promotes respect for the law and protects the community as well as deters you and others from committing this offense.
> When you hear the complaint by people that someone just got a slap on the wrist, it doesn't achieve that, it doesn't promote respect, it doesn't make others say well, I better not do that or I will be in jail for a long time.
> So, we look to create a sentence that is more important than that. Sometimes being more important is more severe, but that is not really the point. Yes, we're allowed to punish. Sometimes punishment is the way you send a message.
> Sometimes punishment along with rehabilitative efforts, correctional treatment helps you be a better person when you get out, so that you can return to that wonderful family of yours and be a good father, uncle, cousin, son, and I think you can do that.
> Although, I can't depreciate the significance and the seriousness of your own participation in this criminal enterprise. I can't ignore your possession of a gun, I can't ignore what you have pled to.
> So, there may be a ten year mandatory minimum here, but it wouldn't be fair to all of the street level dealers and the organizers and runners that you were commanding if you were sentenced like they are, although to balance some of that which I have to do, I look at your history and you don't have one, you don't have a criminal record, so somewhere in there I have to find the balance.
> Are you the brains, the brawn, or a little bit of both. Did this organization flourish because of you and with you, or did it--or were you insignificant and who just happened to be a pretty good organizer.
> I think it needed you. I think Sanchez couldn't have done it all by himself, or maybe somebody else would have come in, there is always somebody to take your place, you know.
> We're trying to stop that with our sentences, that's all I can do, the prosecutors do other things. But, I need you and your family to understand and the others in the community that sometimes the only way a court can do it is with a significant sentence.
> The guidelines in this case as I have already mentioned, are ... almost twenty-two years. That's the base of the guidelines, double the mandatory minimum. So there is no way that the law sees this as something insignificant.

(continued...)

Respectfully submitted,

/s/ Cynthia M. Rufe, J.

_____

Cynthia M. Rufe, J.

---

13.  (...continued)
     See Tr.of Sentencing at 36-38.